UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
NEU PRODUCTIONS INC. et al.,

                        Plaintiffs,

         -against-                                                  23-cv-4125 (LAK)

OUTSIDE INTERACTIVE, INC.,

                        Defendants.
------------------------------------- x

## MEMORANDUM OPINION

Appearances:

                        Katherine Daniels
                        KATHERINE DANIELS LLC
                        *Attorney for Plaintiffs*

                        Thomas Sullivan
                        Isabella Nascimento
                        BALLARD SPAHR LLP
                        *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge*.

        This is an action brought by plaintiffs Neu Productions Inc., John Robert Roderick, and Patrick Parnell against defendant Outside Interactive, Inc., concerning the ownership, infringement, and licensing of certain copyrights. More specifically, in the First Amended Complaint filed by plaintiffs on August 17, 2023, Roderick brings suit seeking declaratory judgment regarding the ownership of certain copyrights (Claim I) and for infringement of those copyrights

2

under the Copyright Act (Claim II); Parnell claims that defendant misappropriated his right of publicity under California statutory and common law (Claim III); Neu Productions alleges breach of contract (Claim IV) in the alternative to Claim II; and all three plaintiffs bring suit for unjust enrichment (Claim V) in the alternative to Claims II, III, and IV.[1] The matter is before the Court on defendant's motion to dismiss the complaint for failure to state a claim (Dkt 22).

The magistrate judge issued a Report and Recommendation on March 19, 2024 (the "R&R") recommending that Claims III, IV, and V be dismissed with prejudice and that the motion to dismiss Claim I be denied.[2] Regarding Claim II, the R&R recommended that the Court deny defendant's motion to dismiss Roderick's copyright infringement claims for the eight copyrights at issue filed with the U.S. Register of Copyrights before May 18, 2023, and that the Court grant defendant's motion to dismiss all other claims for copyright infringement without prejudice to renewal upon filing of a second amended complaint with the appropriate registration certificates attached.[3] The R&R also recommended dismissing Roderick's request for fees and costs under 28 U.S.C. § 1927, but not his request for statutory damages and attorneys' fees under the Copyright Act.[4]

---

[1] Dkt 19 ("FAC") at 10-16.

Because many paragraphs in the FAC are misnumbered, the Court cites to the FAC's page numbering rather than its paragraph numbering.

[2] Dkt 35 (Mag. Rep.) at 26.

[3] Id.

[4] Id.

On April 2, 2024, defendant filed objections only to those parts of the R&R recommending that the Court deny its motion to dismiss — that is, that Roderick had sufficiently pled his declaratory judgment claims (Claim I), eight copyright infringement claims (Claim II), and his request for statutory damages and attorneys' fees under the Copyright Act.[5] Neither party filed any objection within 14 days to the dismissal of Claims III, IV, and V, and defendant did not object to the R&R to the extent it recommended that plaintiffs "be permitted to file a second amended complaint alleging infringement as to any programs described in the first amended complaint for which [copyright] registrations have been [subsequently] obtained."[6] The Court has reviewed the R&R, and it adopts the magistrate judge's recommendations with respect to those claims.

This memorandum opinion deals exclusively with the remaining disputes concerning the R&R to the extent necessary to decide the pending motion. It assumes familiarity with the background of the case as set forth in the pleadings and motions papers.

1. *Copyright Infringement Claims*

Plaintiff Roderick alleges that he licensed the copyrights at issue to Outside Television through his production company, Neu Productions, but that defendant subsequently infringed upon those copyrights by "expand[ing] public distribution of the episodes to Outside+ and a host of third-party platforms and streaming services."[7] Defendant agrees that it received a license

---

[5] Dkt 37 (Def. Objs.) at 7-17.

[6] Dkt 35 (Mag. Rep.) at 26; Dkt 37 (Def. Objs.) at 7 n.4.

[7] FAC at 11-12.

4

to publish the relevant episodes and does not contest that it decided to broadcast those episodes on its streaming services in addition to airing them on television — rather, it simply contends that publishing the copyrights on platforms other than television was within the scope of the licenses to which it consented.[8] Thus, because the parties essentially agree that they formed implied licenses to publish Roderick's copyrighted works,[9] the only issue for the Court at present is whether the scope of those implied licenses encompasses defendant's broadcasting on its streaming services and third-party platforms, a question of contract rather than copyright law.[10]

"[W]hen the contested issue is the *scope* of a license, rather than the *existence* of one, the copyright owner bears the burden of proving that the defendant's copying was unauthorized under the license."[11] At the initial pleading stage, however, the copyright holder has satisfied this burden as long as he or she can "plausibly allege that the defendant exceeded particular terms of the license."[12] Here, Roderick has met that standard. The FAC repeatedly alleges that Roderick licensed the relevant episodes to defendant with the understanding that the content "would be used only on Outside Television and only for a limited time."[13] Moreover, while the parties signed no written

---

[8] Dkt 37 (Def. Objs.) at 8-13.

[9] *See id.* at 8; Dkt 30 (Pl. Supp. Letter) at 1.

[10] *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995).

[11] *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) (citing *Bourne*, 68 F.3d at 631).

[12] *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 105 (2d Cir. 2019).

[13] FAC at 9; *see also id.* at 4-6, 10.

5

licensing agreement, the FAC points to a clause included in the parties' written production contracts as exemplary of their intent, which states that outside of the agreement to produce episodes for Outside Television network, "[n]o other use of the project is anticipated, nor have terms of consideration been agreed upon for any but the use specified."[14] Such claims are sufficient to allege plausibly that defendant exceeded the scope of particular terms of the implied licenses.

Defendant's contention that the language of the parties' production agreements embodied the full scope of the licenses is unpersuasive.[15] There is no language in the FAC or in the production agreements limiting the scope of any potential licensing to the terms of the production agreements — which makes sense, given that they never were intended to be used for the purposes of licensing. Nor have plaintiffs conceded the point, as defendant alleges. Rather, in their letter to the magistrate judge on the issue, they merely stated that the agreements "*reflect[]* the intent of the parties" and that a "limited license is *implicit* in the Production Contracts *and the course of conduct of the parties with respect to the works not covered by a written contract.*"[16] As copyright licenses may be granted orally or implied by conduct,[17] whether the written production agreements embody the full scope of the licenses between the parties remains unclear at this stage.

Thus, taking the facts in the FAC as true, there is a material dispute between the parties regarding the scope of the implied licenses and Roderick's intent in agreeing to them. While

---

[14] *Id.* at 5 (citing Ex. 1); *see also id.* at 7 (citing Exs. 2, 3).

[15] Dkt 37 (Def. Objs.) at 8-10.

[16] Dkt 30 (Pl. Supp. Letter) at 1-2 (emphasis added).

[17] *Graham*, 144 F.3d at 235.

defendant may ultimately prove correct, at this stage Roderick has sufficiently pled his claim of copyright infringement. As a result, defendant's motion to dismiss Claim II is denied.[18]

2.  *Declaratory Judgment Claims*

In the FAC, Roderick seeks declaratory judgment affirming his ownership of the copyrights at issue under the Declaratory Judgment Act and the Copyright Act.[19] Defendant in turn contends that this not a valid cause of action under those acts.[20] The Declaratory Judgment Act itself "does not 'extend' the 'jurisdiction' of the federal courts"[21] — in other words, Roderick must plead a valid, underlying cause of action in order for the Court to hear his claim for declaratory relief. Thus, the only question for the Court is whether an action for copyright ownership properly arises under the Copyright Act such that it can exercise jurisdiction over Roderick's declaratory judgment

---

[18] While defendant independently seeks to dismiss Roderick's claim for infringement based on the "Marigold Project" episode of the *Dispatches* series, plaintiff apparently concedes that he granted a valid license to this copyright and does not seek damages for its infringement. *See* Dkt 38 (Pl. Reply) at 2. Accordingly, the Court does not address the dispute here — though plaintiffs would do well to clarify which specific copyrights they allege are infringed upon filing a second amended complaint.

[19] FAC at 10-11.

[20] Dkt 37 (Def. Objs.) at 14-15.

The R&R recommended denying defendant's motion to dismiss the declaratory judgment claim (Claim I) on the ground that defendant's only argument for dismissal was that all of the other claims in the FAC should also be dismissed. Dkt 35 (Mag. Rep.) at 17 n.5. Defendant correctly noted that he had raised a second argument in his motion to dismiss — that declaratory judgment of copyright ownership is not a valid cause of action, *see* Dkt 23 (Def. Mem.) at 25 — and thus the Court takes up that argument here.

[21] *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 197 (2014) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

7

claim.

A claim arises under the Copyright Act only if: "(1) the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction; or (2) the complaint asserts a claim requiring construction of the act."[22] By contrast, Roderick requests a remedy in Claim I (declaratory judgment) not contemplated in the text of the Copyright Act, and he asserts no legal argument requiring construction of the Act itself. Rather, all that Roderick seeks in Claim I of the FAC is a declaration that "[h]e owns the copyrights" at issue, that they are "not 'work for hire' owned by Defendant," and that as a result defendant has "no right to expand [their] distribution."[23] In essence, Roderick is "merely asking for a declaration of copyright ownership, something for which relevant statutes create no explicit right of action."[24] Indeed, the Second Circuit has repeatedly held that a dispute sounds in contract rather than copyright when it concerns the "general interest that copyrights, like all other forms of property, should be enjoyed by their true owner"[25] — that is, when it involves "who owns the copyright" rather than its scope or infringement.[26]

---

[22] *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 349 (2d Cir. 2000) (quoting *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)) (cleaned up).

[23] FAC at 11.

[24] *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) (quoting *T. B. Harms Co.*, 339 F.2d at 828) (cleaned up).

[25] *T. B. Harms Co.*, 339 F.2d at 828.

[26] *Krechmer*, 747 F. App'x at 9; *see also Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002) (federal jurisdiction is lacking "if the case concerns a dispute as to ownership of a copyright"); *Hello I Am Elliot, Inc. v. Sine*, No. 19-cv-6905 (PAE), 2020 WL 3619505, at

Accordingly, because Roderick's declaratory judgment claim fails to plead a valid cause of action under the Copyright Act, Claim I must be dismissed.

### 3.   *Claims for Statutory Damages and Attorneys' Fees*

The R&R recommended dismissing plaintiffs' request for costs under 28 U.S.C. § 1927 as categorically barred by the statute, given that plaintiffs seek costs only for pre-litigation conduct not contemplated by the law.[27] As neither party objected to that portion of the R&R, plaintiffs' claim for costs under 28 U.S.C. § 1927 is dismissed.

However, defendant does object to the R&R's refusal to dismiss plaintiffs' request for statutory damages and attorneys' fees.[28] The Copyright Act precludes plaintiffs from seeking these remedies for any infringement that began "after first publication of the work and before the effective date of its registration" unless the copyright is registered within three months of first publication.[29] Defendant contends, in essence, that the FAC alleges copyright infringement which commenced as early as 2021 in this case — but certainly by late 2022 when plaintiffs' counsel sent demand letters to defendant — yet none of the relevant copyrights was registered before 2023, more

---

*11 (S.D.N.Y. July 2, 2020) ("[N]either the Copyright Act, nor any other relevant statute, supplies a cause of action for the relief [sought]: a declaration of copyright ownership.").

27

Dkt 35 (Mag. Rep.) at 25 (citing *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010) and *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. 05-cv-2755 (JS)(AKT), 2012 WL 948661, at *2 (E.D.N.Y. Mar. 19, 2012)).

28

Dkt 37 (Def. Objs.) at 15-17.

29

17 U.S.C. § 412.

9

than three months after they were first published.[30] Defendant accordingly argues that plaintiffs are precluded from claiming statutory damages or attorneys' fees.

Ultimately, the FAC lacks the relevant factual information necessary to dismiss plaintiffs' claims at this stage. "Motions to dismiss aimed at prayers for relief are premature except when such relief is categorically barred."[31] In order to dismiss plaintiffs' claim for statutory damages and attorneys' fees as categorically barred under 17 U.S.C. § 412 for all of the copyrights this case, the Court must know: (1) when the relevant contents first were published; (2) when the copyrights were registered with the copyright office; and (3) when infringement of each copyright began. Yet the only conclusive information in the FAC concerns when 11 of the 36 copyrights at issue were registered and first published — the FAC makes no mention of when any of the other copyrights in question was first published on Outside TV, nor does it state clearly when defendant first began infringing each separate copyright.[32] The clearest statement on the face of the FAC simply reads that infringement commenced "[b]eginning in or about" 2021,[33] and while the demand letters attached as exhibits to the FAC reference certain copyrighted content "show[ing] up" on defendant's other

---

[30] *See* Dkt 37 (Def. Objs.) at 15-16; Dkt 23 (Def. Mem.) at 13-14.

[31] *Glob. Art Exhibitions, Inc. v. Kuhn & Bulow Italia Versicherungsmakler GmbH*, 607 F. Supp. 3d 421, 428 n.3 (S.D.N.Y. 2022) (citing *Doe v. Indyke*, 457 F. Supp. 3d 278, 283 (S.D.N.Y. 2020)).

[32] *See generally* FAC at 12-15.

[33] *Id.* at 14.

The FAC actually states that infringement started "in or about 2001," but like the R&R and the defendant, the Court assumes that the word "2001" was an error and meant to read "2021."

platforms, they provide no evidence as to which specific copyrights were broadcast and when.[34]

Nor has defendant provided any evidence regarding infringement dates of which the Court could take judicial notice. While defendant's argument that plaintiffs are precluded from claiming statutory damages and attorneys' fees because of their delayed registrations appears likely to succeed, at this stage the precise timing of publication, registration, and infringement for each particular copyright is too uncertain to grant dismissal. Plaintiffs are entitled to discovery on these questions. Accordingly, defendant's motion to dismiss plaintiffs' claim for statutory damages and attorneys' fees is denied.

### *Conclusion*

For the foregoing reasons, the Court adopts the recommendations set forth in the R&R (Dkt 35) with respect to Claims II, III, IV, and V. Accordingly, the motion to dismiss (Dkt 22) is GRANTED with respect to Claims I, III, IV, and V; GRANTED with respect to plaintiffs' claims for costs under 28 U.S.C. § 1927; and GRANTED with respect to Claim II for those copyrights not registered before May 18, 2023, without prejudice to renewal upon filing of a second amended complaint. It is DENIED in all other respects.

SO ORDERED.

Dated: June 13, 2024

Lewis A. Kaplan
United States District Judge

---

[34] *Id.* at 14.